IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEKOU DORE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-00203 |
| | : | |
| J.L. JAMISON, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                         **January 15, 2026**

Petitioner Sekou Dore brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement (ICE). He argues his mandatory detention without a bond hearing is illegal. Because 8 U.S.C. § 1225(b)(2) does not apply to noncitizens like Mr. Dore who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND[1]**

Mr. Dore is a noncitizen from Guinea who entered the United States around December 25, 2023. Pet. ¶ 4, Dkt. No. 1. Upon entry, he was detained by ICE for a few days before being released. *Id*. Thereafter, he was issued a Notice to Appear (NTA) and placed in removal proceedings, wherein he was charged with having entered the United States without admission or inspection. *Id*. ¶¶ 4-5. He subsequently filed an application for asylum (I-589), which remains pending. *Id*. ¶¶ 4-8.

On January 12, 2026, Mr. Dore was arrested by ICE while attending a routine check-in. *Id*. ¶ 6. He is currently detained at the Philadelphia Federal Detention Center (FDC). *Id*. ¶ 1. Mr. Dore

---

[1]      "For the purposes of responding to this habeas petition only," the Government "does not dispute other facts or characterizations thereof stated in the petition (except if Petitioner claims he has been 'admitted' to the United States)." Gov't Opp. at 3, Dkt. No. 3.

filed the instant petition on January 13, 2026. The Government filed its opposition on January 15, 2026. According to the Government, Mr. Dore is being detained under 8 U.S.C. § 1225(b)(2), pursuant to a July 8, 2025 DHS policy to subject all noncitizens who have never been admitted to § 1225(b)(2) regardless of whether they are attempting to enter the country or have been present for years. *See* Gov't Opp. at 3, Dkt. No. 3; *see also Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (describing the history of the policy).

**DISCUSSION**

Mr. Dore argues his detention is illegal because he has been improperly subjected to mandatory detention without bond under § 1225(b)(2) instead of § 1226's discretionary detention scheme. The Government argues the Court lacks jurisdiction to consider this petition and § 1225(b)(2) applies to noncitizens like Mr. Dore. This legal question has been considered by numerous courts in the wake of the Board of Immigration Appeals' (BIA) decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). All decisions in this district, including this Court's decision in *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025), have rejected the Government's position. Gov't Opp. at 1-2 (listing more than 90 decisions in this district); *see also Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (As of November 26, 2025, "[t]he challengers have prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States."). The Third Circuit Court of Appeals has not addressed this question. *Cf. Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-61 (7th Cir. 2025) (finding the government was "not likely to succeed on the merits of their argument" that § 1225(b)(2) applies to noncitizens who have been present in the country).

2

The instant matter presents the same factual and legal issues as *Ndiaye*. In *Ndiaye*, a noncitizen who had been present in this country for years filed a habeas petition after he was detained under § 1225(b)(2) pursuant to the July 8, 2025 DHS policy. No. CV 25-6007, 2025 WL 3229307, at *1 (E.D. Pa. Nov. 19, 2025). The Government argued the Court lacked jurisdiction to review the petition and § 1225(b)(2) applied to the petitioner. *Id*. at *2. The Court rejected the Government's position and found that it had jurisdiction to review the petition and that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." *Id*. at *2-4, *8. The Court finds the rationale and reasoning of *Ndiaye* applies equally to the instant matter. Mr. Dore's detention is therefore illegal, and he is entitled to relief.

Accordingly, the Court will grant Mr. Dore's petition in full and order his immediate release. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.